## The People on the relation of Hyacinthe Riopelle v. The Judge of the Wayne Circuit Court.

*Ejectment: Second judgment: New trial.* Where a defendant in ejectment has availed himself of one new trial under the statute, and after a judgment against him upon such new trial has stood unmolested for more than two years, the court has no authority to set aside such judgment and grant a third trial. The statute (*Comp. L.*, § *4689*) limits the time for applying for such third trial to two years after the rendering of the second judgment. After the lapse of that period the judgment becomes conclusive.

*Heard and decided November 1.*

Application for *mandamus*.

The petition sets up that the relator, on February 10, 1866, commenced an action of ejectment in the circuit court for the county of Wayne, against Joseph Brisbois, Francis Gilman, and Abraham Brisbois; that after one trial resulting in a disagreement of the jury, it appearing that said defendants Brisbois held and occupied jointly one half of said premises, but not in conjunction with said Gilman, and that said Gilman held and occupied solely the other half thereof, the court ordered the relator to elect against whom he would proceed in said cause, and thereupon the relator elected to proceed against the defendants Brisbois, and discontinued said cause as against the defendant Gilman; that said cause was thereupon tried by a jury and a verdict rendered in favor of the relator, upon which judgment was entered on October 13, 1866; that on October 15, 1866, upon payment of costs as provided by

the statute, this judgment was set aside and a new trial granted; that on February 5, 1868, the cause was again tried by a jury and a verdict rendered for the relator, and on the same day judgment was entered upon this verdict; that a motion for a new trial was made on behalf of the defendants, which was, on February 29, 1868, denied; that no steps were afterwards taken in said cause until May 14, 1871, and said judgment had then remained a valid judgment for more than two years; that on that day, the court, on motion of defendants, granted leave to them to move for a new trial, which they afterwards did, and on June 26, 1871, the court granted the motion and set aside said judgment; that said motion was not based upon newly-discovered evidence, but upon a decision of this court by which it appeared that the rulings of said circuit court upon the trial of said cause were erroneous. The prayer was for a writ of *mandamus* to compel the respondent to vacate and set aside the order setting aside said judgment and granting the new trial in said cause.

The answer of the respondent did not vary materially as to the facts from the petition. The ground upon which the respondent granted the order objected to was, that on the trial of the cause he had held and charged that the limitation of twenty-five years governed the case, whereas it was afterwards determined in the case of *Riopelle v. Gilman, 23 Mich., 33,* that the act of 1838, fixing the limitation at twenty years, governed; and an adverse possession of upwards of twenty years was admitted by both parties on the trial.

*O. Kirchner,* for the relator, cited *Comp. L.,* §§ *4588–9; Stephen on Pl. (9th Am. Ed.), 94; Gibson v. Manly, 15 Ill., 140; Frazer v. Weller, 6 McLean, 11; Birt v. Barlow, 1 Doug., 171.*

*Henry M. Cheever,* for the respondent.

RIOPELLE v. JUDGE OF WAYNE CIRCUIT.

THE COURT held that the statute took the case out of the ordinary practice, and that under the statute the judgment was conclusive after it had stood unmolested two years.

*Mandamus* granted.